**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| EVE MARIE CLOUSE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-65-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees [DE 17],

filed by Plaintiff Eve Marie Clouse on June 30, 2017.

On February 13, 2017, Plaintiff filed a Complaint with this Court, seeking review of the

Commissioner's final decision on her application for social security supplemental security income

benefits. On May 2, 2017, Plaintiff filed an Opening Brief. On June 27, 2017, the Commissioner

filed a Motion to Remand. The Court granted the motion the same date, reversing the ALJ's

decision, remanding for further proceedings, and directing the Clerk of Court to enter judgment in

favor of Plaintiff.

On June 30, 2017, Plaintiff timely filed the instant motion, seeking attorney fees under the

Equal Access to Justice Act ("EAJA") in the amount of $6,050.00 for 24.2 hours of work at an

hourly rate of $250.00.

On July 14, 2017, the Commissioner filed a response brief in opposition to Plaintiff's fee

request, opposing the hourly rate of $250.00 and arguing that the hourly rate should be $196.48. The

Commissioner does not argue that the number of hours sought is unreasonable. Plaintiff has not filed

a reply brief, and the time to do so has passed.

There is a statutory cap of an hourly rate of $125.00 for reasonable attorney fees under the EAJA. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows for a cost of living adjustment when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. "Courts should generally award the inflation-adjusted rate according to the [Consumer Price Index], using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421,428 (7th Cir. 2015). In this case, the Commissioner proposes using the CPI-U U.S. City Average rate for "All items" for May 2017 (the month with the highest number of hours reported by Plaintiff's counsel 19.1 hours of 24.2 hours), which results in an hourly rate of $196.48. However, the Affidavit submitted by Plaintiff's attorney contends that the rate for the Midwest urban market rate area should be applied. *See* (ECF 17-2, p. 4). It is within the Court's discretion to choose the U.S. City Average or the Midwest region rate. *See Wright v. Berryhill*, 1:14cv8163, 2017 WL 2588218, at * 2 (N.D. Ill. June 14, 2017); *see also Colvin*, 777 F.3d at 428 n. 2. The Court finds that the CPI for the Midwest region is most appropriate. *See Harrington v. Berryhill*, 2017 WL 2502456, at * 1 (S.D. Ind. June 9, 2017) (applying the Midwest urban market CPI for the Indianapolis market); *Pollard v. Colvin*, 1:14cv345, 2015 WL 846424, at *2-3 (S.D. Ind. Feb. 26, 2015) (considering "several charts displaying the standard hourly billing rates for attorneys in the Indianapolis-Carmel, Indiana statistical area"). Thus, the cost of living adjustment based on the CPI for the Midwest region for the month of May 2017 results in an hourly rate of $188.04.

Plaintiff's attorney argues in his Affidavit, but not in the memorandum in support of the motion and without citation to any law, that the hourly rate under the EAJA should be based on the prevailing market rates for attorneys in the relevant community. This argument is unsupported and

is not well taken in light of the statutory cap. Similarly, Plaintiff offers no legal support for the argument in the Affidavit that the attorney's 29 years of experience constitutes a "special factor." Finally, Plaintiff offers no evidence in support of her attorney's statement in his Affidavit that there are "only a few attorneys who will litigate a Social Security claim past the Hearing before the Administrative Law Judge phase of the appeals process." (ECF 17-2, p. 4). Plaintiff has not identified any special factor that would justify further increasing the hourly rate.

Based on the foregoing, the Court approves a reasonable attorney fee in the amount of $4,550.57 for 24.2 hours of work at an hourly rate of $188.04.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Award of Attorney Fees [DE 17] at an hourly rate different than requested and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $4,550.57 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 8th day of August, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT